**08 CR 124**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE KENDALL

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. 08 CR 124 MAGISTRATE JUDGE VALDEZ |
| ) | |
| v. ) | Violations: Title 21, United States Code, |
| ) | Section 846; and Title 18, United States |
| JOSE de JESUS ALVARADO-TIZOC, ) | Code, Section 2. |
| aka "Jose de Jesus Tizoc", ) | |
| "Jose Jesus Alvarado", ) | |
| "Jose Alvarado", and "Chuy", ) | **SUPERSEDING INDICTMENT** |
| ANTONIO DURAN, ) | |
| aka "Popalot", and "Papalapa", and ) | Hon. Virginia M. Kendall |
| NOE DURAN, ) | |
| aka "George" ) | |

FILED

J.N  JUL X 1 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### COUNT ONE

The SPECIAL FEBRUARY 2008-1 GRAND JURY charges:

1. Beginning no later than in or about 2003, and continuing until at least in or about June 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOSE de JESUS ALVARADO-TIZOC,
aka "Jose de Jesus Tizoc", "Jose Jesus Alvarado",
"Jose Alvarado", and "Chuy",
ANTONIO DURAN,
aka "Popalot", "Papalapa", and
NOE DURAN,
aka "George",

defendants herein, did conspire with Lutgardo Chavez, Jr., aka "Lalo"; Jesus Mario Fajardo-Trujillo, aka "Marito", "Mario", "Mario Fajardo", and "Mario Fajardo-Trujillo"; Felixito Vidana-Aispuro, aka "Indio", "Felix", and "Felixito Vidana"; Ricardo Valdez-Torres, aka "Cerebro" and "The Cooker"; Alfredo Molina-Garcia, aka "Guero"; Oscar Jacobo Rivera-Peralta, aka "Jacobo"; Guadalupe Moreno Soto, aka "Tio", "Veterano", "Guadalupe Moreno", and "Mario Alvarado-Tizoc"; Adrian Carreon, aka "Tortuga"; Darnell Hurt, aka "D" and "Chaka"; James Austin, aka

"Jaymo"; Johnny Shannon, aka "Boo C" and "Boosie"; Derrick Campbell, aka "Dino"; Jerome Johnson, aka "Little Marcus" and "Wheezy"; and with others known and unknown to the Grand Jury to knowingly and intentionally possess with intent to distribute and distribute controlled substances, namely, in excess of 400 grams of mixtures and substances containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II Narcotic Drug Controlled Substance, and in excess of 1 kilogram of mixtures and substances containing a detectable amount of heroin, a Schedule I Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

2.  It was part of the conspiracy that Felixito Vidana-Aispuro, assisted by various other co-conspirators, led a drug trafficking organization (hereinafter "the organization") that obtained large quantities of cocaine, heroin and fentanyl from Mexico for resale to wholesale customers in Chicago, Illinois, Detroit, Michigan, and elsewhere.

3.  It was further part of the conspiracy that, on multiple occasions, Guadalupe Moreno-Soto and Adrian Carreon, assisted by Lutgardo Chavez, Jr. and defendant JOSE de JESUS ALVARADO-TIZOC, and various other co-conspirators, distributed and caused to be distributed wholesale quantities of heroin on behalf of the organization to Detroit, Michigan-based co-conspirators, including Darnell Hurt, who was assisted by various co-conspirators, for resale to others. The heroin was fronted to these co-conspirators with the understanding that the full purchase price would be paid later.

4.  It was part of the conspiracy that in or about 2003, Ricardo Valdez-Torres, assisted by Oscar Jacobo Rivera-Peralta, established a company in Mexico named Distribuidora Talios SA de CV. Ricardo Valdez-Torres and Oscar Jacobo Rivera-Peralta held Distribuidora Talios out to the

public as a legitimate business when in fact Distribuidora Talios was a front company through which Ricardo Valdez-Torres, Oscar Jacobo Rivera-Peralta and Co-Conspirator A ordered chemicals and equipment to be used in the manufacture of wholesale quantities of fentanyl.

5. It was further part of the conspiracy that beginning no later than in or about 2004, Ricardo Valdez-Torres, Oscar Jacobo Rivera-Peralta, Co-Conspirator A and Co-Conspirator B operated a laboratory in Toluca, Mexico (hereinafter "the Toluca laboratory") that was used for the manufacturing of wholesale quantities of fentanyl for distribution to others on behalf of the organization.

6. It was further part of the conspiracy that at various times between at least 2003 and in or about May 2006, Felixito Vidana-Aispuro, Alfredo Molina-Garcia and Co-Conspirator B, who was assisted by Co-Conspirator C, invested in the Toluca laboratory in order to promote the manufacturing of fentanyl for distribution to others on behalf of the organization.

7. It was further part of the conspiracy that at various times, beginning no later than in or about the Summer of 2005, Co-Conspirator B and Ricardo Valdez-Torres manufactured wholesale quantities of fentanyl at the Toluca laboratory.

8. It was further part of the conspiracy that at various times beginning no later than in or about the Summer of 2005, Co-Conspirator B and Felixito Vidana-Aispuro, assisted by Alfredo Molina-Garcia and various other co-conspirators, distributed and caused to be distributed on a fronted basis wholesale quantities of fentanyl manufactured at the Toluca laboratory on behalf of the organization to co-conspirators in the Chicago, Illinois area, including Guadalupe Moreno-Soto and Jesus Mario Fajardo-Trujillo.

9. It was further part of the conspiracy that, on multiple occasions, beginning no later

than in or about the Summer of 2005, Guadalupe Moreno-Soto and Jesus Mario Fajardo-Trujillo, assisted by various co-conspirators, distributed and caused to be distributed on a fronted basis wholesale quantities of fentanyl manufactured at the Toluca laboratory on behalf of the organization to Chicago, Illinois-based co-conspirators, including Lutgardo Chavez, Jr. and defendant JOSE de JESUS ALVARADO-TIZOC, and other co-conspirators, and to Detroit, Michigan-based co-conspirators, including Darnell Hurt, who was assisted by various co-conspirators, for resale to others.

10. It was further part of the conspiracy that, on multiple occasions, beginning no later than in or about the Fall of 2005, defendant JOSE de JESUS ALVARADO-TIZOC, distributed wholesale quantities of fentanyl manufactured at the Toluca laboratory to defendants ANTONIO DURAN and NOE DURAN in the Chicago area.

11. It was further part of the conspiracy that, on multiple occasions, beginning no later than in or about the Fall of 2005, defendants ANTONIO DURAN and NOE DURAN, assisted by defendant JOSE de JESUS ALVARADO-TIZOC, distributed on a fronted basis wholesale quantities of fentanyl manufactured at the Toluca laboratory to customers in the Chicago, Illinois area, including Derek Campbell, a member of the Mickey Cobras street gang.

12. It was further part of the conspiracy that, on multiple occasions, beginning no later than in or about the Fall of 2005, Derek Campbell distributed on a fronted basis wholesale quantities of fentanyl manufactured at the Toluca laboratory to customers in the Chicago, Illinois area, including James Austin and Johnny Shannon, members of the Mickey Cobras street gang. Members of the Mickey Cobras street gang, including Jerome Johnson, distributed the fentanyl received by James Austin and Johnny Shannon to customers in the Dearborn Homes housing project located on

the South Side of Chicago.

13. It was further part of the conspiracy that defendants and various co-conspirators regularly used cellular telephones and land-line telephones to facilitate their drug transactions.

14. It was further part of the conspiracy that the defendants and various co-conspirators would and did conceal and hide, and cause to be concealed and hidden, the purposes of the acts done in furtherance of the conspiracy, and would and did use coded language, surveillance and counter-surveillance techniques, and other means to avoid detection and apprehension by law enforcement authorities and otherwise to provide security to members of the conspiracy;

All in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1. The allegation of Counts One is realleged and incorporated herein by reference for the purpose of alleging that certain property is subject to forfeiture to the United States, pursuant to the provisions of Title 21, United States Code, Section 853.

2. As a result of their violation of Title 21, United States Code, Section 846, as alleged in the foregoing Indictment,

>JOSE de JESUS ALVARADO-TIZOC,
>aka "Jose de Jesus Tizoc", "Jose Jesus Alvarado",
>"Jose Alvarado", and "Chuy",
>ANTONIO DURAN,
>aka "Popalot", "Papalapa", and
>NOE DURAN,
>aka "George",

defendants herein, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a)(1) and (2): (1) any and all property constituting and derived from any proceeds they obtained, directly and indirectly, as a result of the violation of Title 21, United States Code, Section 846; and (2) any and all of property used, or intended to be used, in any manner or part, to commit and facilitate the commission of the violation of Title 21, United States Code, Section 846.

3. The interests of the defendants subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 853 include, but are not limited to, the following::

   a. $450,000 in United States Currency, representing the estimated proceeds of the narcotics distribution organization;

4. If any of the property described above as being subject to forfeiture pursuant to Title 21, United States Code, Section 853(a), as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred to, sold to, or deposited with a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value;

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of substitute property belonging to defendants under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1);

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY