IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America

Plaintiff(s),

v.

Jose de Jesus Alvarado-Tizoc

Defendant(s).

Case No. 8 CR 124-1
Judge Virginia M. Kendall

## ORDER

The Court grants Defendant Jose de Jesus Alvardo-Tizoc's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) and reduces his sentence to 131 months imprisonment. (Dkt. Nos. 300, 302, 303.)

## BACKGROUND

On May 4, 2009, Defendant Alvarado-Tizoc pleaded guilty to conspiring to possess with intent to distribute and to distribute fentanyl and heroin in violation of 21 U.S.C. § 846. (Dkt. Nos. 144, 145.) The Court sentenced him on March 5, 2010 to 200 months imprisonment after calculating his advisory Guidelines range to be 188 to 235 months imprisonment. (Dkt. No. 189.) The Court did not sentence the Defendant to the low-end of the Guidelines range because of the seriousness of the offense, the impact it had on the Dearborn Homes housing projects where the Defendant distributed the narcotics, and the Defendant's minimization of the danger of his behavior. (Dkt. No. 211 at 85.) The Court also factored in the extensiveness the drug trafficking organization, spreading across multiple states and nations. *Id.* at 83.

The Defendant appealed the Court's sentence, and the Seventh Circuit remanded for resentencing with the instruction to calculate the Sentencing Guidelines range on the basis of only the Defendant's sales. *See United States v. Alvarado-Tizoc*, 656 F.3d 740, 746 (7th Cir. 2011). On June 19, 2012, the Court resentenced the Defendant to 162 months imprisonment. (Dkt. No. 270.) At resentencing, the Court found the Defendant's base offense level was 36 with a two-level reduction for acceptance of responsibility resulting in a total offense level of 34, and he has a Criminal History Category of I. *Id.* Under the Sentencing Guidelines, the Defendant's guideline range was 151 to 188 months imprisonment. *Id.* The Court did not sentence the Defendant to the low-end of the Guidelines range because of the seriousness of the offense, the impact on the community, the need to deter drug trafficking, and the wide-reaching activity of the drug organization. (Dkt. No. 279 at 28-29.) The Defendant moves for a reduction of sentence under 18 U.S.C. § 3582(c) based on an amendment to the Sentencing Guidelines that lowered the base offense levels for narcotics offenses. (Dkt. Nos. 300, 302, 303.) The Government agrees with the Defendant that his sentence should be lowered and suggests that the Defendant be sentenced to 131 months imprisonment. (Dkt. No. 301 at 1.)

**STATEMENT**

Under 18 U.S.C. § 3582(b), a sentence of imprisonment constitutes a final judgment and may not be modified by the Court except in limited circumstances. *See Dillon v. United States*, 560 U.S 817, 824 (2010). Section 3582(c)(2) is one such exception that allows the Court to alter a sentence as it provides that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

On April 30, 2014, the Sentencing Commission revised the Drug Quantity Table and chemical quantity tables pursuant to 28 U.S.C. § 994(u) ("Amendment 782"). *See United States v. Hayden*, 775 F.3d 847, 850 (7th Cir. 2014). On July 18, 2014, the Commission made Amendment 782 retroactively applicable to previously sentenced defendants and determined that Amendment 782 would come into effect on Nov the Drug Quantity Table and chemical quantity tables ember 1, 2014. *See* U.S.S.G. § 1B1.10(d), (e)(1) (2014); *Hayden*, 775 F.3d at 850. Accordingly, as of November 1, 2014, defendants may move for sentence reductions under Section 3582(c)(2) based on Amendment 782. *See id.* The Court is bound to uphold the Commission's revisions of the Guidelines and its determination that an amendment is retroactive. *See* 28 U.S.C. § 994(u); *Dillon*, 560 U.S. at 826.

Section 3582(c)(2) establishes a two-step inquiry for modification of an imposed term of imprisonment. "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon*, 560 U.S. at 826 (2010). Application Note 1(A) to Section 1B1.10 states that "[e]ligibility for consideration under 18 U.S.C. 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range[.]" Amendment 782 reduces the Guidelines range for the Defendant's offense. At resentencing, the base offense level for his offense was 36, but now under Amendment 782 it is 34. The resulting total offense level after reducing the base offense level by two levels for acceptance of responsibility is 32. The Defendant has a Criminal History Category of I, and therefore the sentencing range is 121 to 151 months imprisonment. This range is lower than the Court's sentence of 162 months. Thus, under Section 3582(c)(2) the Court may lower the Defendant's sentence.

In reducing the Defendant's sentence, the Court is limited by Section 1B1.10(b)(2)(A) which mandates that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." Application Note 3 explains:

> Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement. Specifically, as provided in subsection (b)(2)(A), if the term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court may reduce the defendant's term of imprisonment to a term that is no less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1).

U.S.S.G. § 1B1.10 app. note 3. As such, the Court may not reduce the Defendant's sentence below the range given by the application of Amendment 782, which in this case is 121 to 151 months imprisonment. *See id.* Nor may the Court reduce the Defendant's sentence below the time he has served. *See id.*

In the second step of the Section 3582(c)(2) inquiry, the Court considers the factors set forth in 18 U.S.C. § 3553(a). *See Dillon*, 560 U.S. at 826 (2010). The drug trafficking committed by the Defendant had a serious detrimental impact on the Dearborn Homes housing project. It is necessary to deter the serious offense of drug trafficking by imposing a significant sanction. Moreover, the Defendant participated in many levels of drug trafficking in the Dearborn Homes community and the drug organization he was a part of was extensive, spanning Michigan, California, Illinois, and Mexico. The Defendant's minimization of his dangerous misconduct is also an aggravating factor. The Court therefore will not sentence the Defendant to the low-end of the Guidelines range. Based on these factors pursuant to Section 3553(a), the Court reduces the Defendant's sentence to 131 months imprisonment.

## CONCLUSION

For the reasons stated therein, the Court grants Defendant's motion for reduction of sentence and reduces his sentence to 131 months imprisonment. (Dkt. Nos. 300, 302, 303.)

Date: 12/14/2015

Virginia M. Kendall
United States District Judge